IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICIA BEIL**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00356-JPG-PMF |
| ) | |
| **AMCO INSURANCE COMPANY, et al.**, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff/counter-defendant Patricia Beil's motion to strike (Doc. No. 19). The motion is opposed (Doc. No. 22). The motion targets an amended counterclaim filed by AMCO, which, like Beil's claim, asks the Court to declare the rights of the parties. Plaintiff maintains that the amended counterclaim is redundant and should be stricken because the dispute will be resolved when her claims are adjudicated. AMCO maintains that the amended counterclaim is useful because it protects AMCO from harassment by dismissal, the risk of collateral estoppel or inconsistent rulings and causes no prejudice to Beil.

The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Generally, motions to strike are disfavored; they are appropriate to remove "unnecessary clutter" from litigation. *Heller Financial Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

On due consideration of the positions of the parties, the Court is not persuaded that the amended counterclaim falls into the "unnecessary clutter" category. It serves to protect the defendant's position in the event the original request for declaratory relief is modified or voluntarily dismissed.

IT IS RECOMMENDED that the motion to strike (Doc. No. 19) be DENIED.

**SUBMITTED:  June 21, 2016**

 s/Philip M. Frazier
**PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE**