IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA BEIL,<br><br>　　　　Plaintiff/Counter-Defendant,<br><br>　v.<br><br>ILLINOIS MUNICIPAL LEAGUE RISK MANAGEMENT ASSOCIATION,<br><br>　　　　Defendant<br><br>　and<br><br>AMCO INSURANCE COMPANY,<br><br>　　　　Defendant/Counterclaimant<br><br>　v.<br><br>RAYMOND MUNIZ,<br><br>　　　　Counter-Defendant.<br>. | Case No. 16-cv-356-JPG-PMF |

**MEMORANDUM AND
<u>ORDER TO SHOW CAUSE</u>**

　　　　This matter comes before the Court on plaintiff Patricia Beil's motion to remand this case to state court as a matter of discretion under the *Brillhart* abstention doctrine or as required under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction (Doc. 18). Defendants AMCO Insurance Company ("AMCO") (Doc. 26) and Illinois Municipal League Risk Management Association ("IML") (Doc. 27) have responded.

**I.　　History of Case**

　　　　Beil originally filed this case in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. In the Complaint, Beil sought a declaration that AMCO, which had issued her a

homeowner's insurance policy, had an obligation to defend and indemnify her in connection with a state court lawsuit brought by Raymond Muniz, *Muniz v. Beil*, Case No. 15-L-606, in St. Clair County. In that underlying lawsuit, Muniz alleges that Beil, a trustee for the Village of St. Jacob, Illinois ("Village"), injured him by making false and defamatory statements about financial improprieties during Muniz's tenure as mayor of the Village (Doc. 1-4 at 27-32).

AMCO removed this case to federal court under 28 U.S.C. § 1441(a) based on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a) (Doc. 1). Complete diversity existed between the parties as required by *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806), because Beil was a citizen of Illinois and AMCO was a citizen of Iowa, being both incorporated and having its principal place of business in Iowa. *See* 28 U.S.C. § 1332(c)(1).

Less than two weeks after AMCO removed the case to federal court, Beil amended the Complaint to add defendant IML (Doc. 11), which she asserts is a citizen of Illinois because its principal place of business is in Illinois. IML provided insurance coverage to the Village that included coverage for public officials of the Village, and Beil seeks a declaration that it too owes her a defense and indemnity. Beil filed the Amended Complaint five days after AMCO filed its answer without obtaining leave of Court to add a new defendant to the case.

Beil then filed the pending motion to remand this case to state court (Doc. 18). She first asks the Court to use its discretion to abstain from hearing this case under the *Brillhart* abstention doctrine, which allows a federal court to decline to exercise jurisdiction over a declaratory judgment claim when another proceeding in state court would fully adjudicate all the matters in controversy in that claim. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494-95 (1942). She also asks the Court to remand the case to state court on the grounds that complete diversity no longer

exists between the parties since IML is a citizen of Illinois. The defendants disagree, arguing that the case should remain in federal court for resolution.

**II.     Analysis**

The Court will first address the issue of subject matter jurisdiction, as it must, *Dexia Credit Local v. Rogan*, 629 F.3d 612, 619, (7th Cir. 2010) ("We must resolve a recognized issue of subject matter jurisdiction before any other action is taken on a case. . . . "). Then, it will turn to the question of abstention.

A.     Subject Matter Jurisdiction

As a preliminary matter, the question of jurisdiction has been raised as a result of Beil's assertion that IML is a citizen of the state of Illinois because its principal place of business is in Illinois. The basis for IML's assertion is faulty. An entity's principal place of business is only relevant to its citizenship if the entity is a corporation. *See* 28 U.S.C. § 1332(c)(1). IML is not a corporation but an unincorporated association whose citizenship is determined by the citizenship of each of its members, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990), and no party has alleged the citizenship of IML's members. However, the Court need not tarry long over this pleading deficiency because it is apparent from the documents on file that, at a minimum, the Village is a member of IML, and public records reflect that the Village is incorporated in Illinois, Incorporated Cities, Towns & Villages of Illinois, *Illinois Blue Book 2013-2014* (July 18, 2016), http://www.cyberdriveillinois.com/publications/illinois_bluebook/incorporated.pdf. Therefore, IML is a citizen of Illinois. So Beil's original assertion is correct, although not for the reason she offers.

Having established that IML does, indeed, share citizenship with Beil, the Court now turns

to how IML became part of this case. Beil added IML as a defendant within the period in which she had a right to amend her complaint as a matter of course – within 21 days of AMCO's answer, *see* Fed. R. Civ. P. 15(a)(1)(B) – but she did not have leave of Court to add a new party. Although in some circuits the rule is different, in the Seventh Circuit, leave of court is required before a plaintiff can add a new party to a case, even within the period where a pleading can be amended as a matter of course. *Williams v. United States Postal Serv.*, 873 F.2d 1069, 1073 n. 2 (7th Cir. 1989); *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 736 (7th Cir. 1986); *LaBatt v. Twomey* , 513 F.2d 641, 651 n. 9 (7th Cir.1975); *see* Fed. R. Civ. P. 21 (stating in pertinent part, "On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir. 1993). This rule is especially pertinent where, as here, the case is in federal court based on diversity jurisdiction and the addition of a new party would destroy that jurisdiction. So IML should not have been added to this case since the Court did not allow Beil leave to add it.

Rather than strike the Amended Complaint outright for failure to obtain leave of Court to add IML as a defendant, the Court will instead go through the inquiry it would have made had Beil sought leave to join a nondiverse party. Because joinder of the nondiverse party would destroy the diversity subject matter jurisdiction upon which this case depends, the Court's decision is governed by 28 U.S.C. § 1447(e) rather than the ordinary amendment standard in Rule 15(a). *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 n.3 (7th Cir. 2009). That statute states, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Thus, under § 1447(e), the Court has only two choices: "(1) deny joinder, or

(2) permit joinder and remand the action to state court. These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Schur*, 577 F.3d at 759. In making the choice, the Court should balance the equities, considering "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.*

Beil argues that her motive for seeking to join IML in this lawsuit is to explore all of her options for insurance coverage, which include both AMCO and IML. She notes that her joinder of IML was timely, as it was made within the period allowed for amendment as a matter of course under Rule 15(a)(1)(B). Finally, she argues she will be prejudiced if forced to file a separate lawsuit against IML that relies on the same underlying facts that give rise to her claim against AMCO.

On the other side, AMCO questions Beil's motive for adding IML only *after* removal of this case even though she was aware of potential IML coverage long before filing this suit. IML had declined to defend or indemnify Beil three months before she filed this lawsuit against AMCO and almost five months before she added IML to this lawsuit. AMCO also suggests that adding IML less than two weeks after removal without any further discovery to justify adding a new defendant suggests Beil's motive was destroying federal jurisdiction. AMCO also disputes that Beil would be injured by filing a new lawsuit against IML and suggests that IML may be able to intervene in this lawsuit without destroying diversity jurisdiction. Finally, AMCO notes that it has a compelling interest in a neutral federal forum when sued by a plaintiff from another state.

IML echoes AMCO's arguments.

The Court will exercise its discretion under § 1447(e) to remove IML from this lawsuit and retain jurisdiction over Beil's dispute with AMCO. The circumstances strongly suggest Beil added IML simply to deprive AMCO of the federal forum to which it is entitled when it is sued by a citizen of a different state. The timing of that addition is suspicious, coming long after Beil knew the insurance IML provided to the Village might be a source of coverage yet almost immediately after AMCO removed the case to federal court. *See Schur*, 577 F.3d at 767 (noting addition of a defendant immediately after removal but without additional discovery suggests a motive to destroy federal jurisdiction). The Court further finds Beil will not be significantly injured if IML is not joined in this case. Litigation of her claim against IML is in its infancy in this forum, and if IML is dismissed from this case, Beil is well within the limitations period to seek relief from IML in state court. Additionally, Beil's dispute with AMCO and her dispute with IML with respect to the duty to defend share no common issues of law or fact other than the allegations of the *Muniz* complaint. Each dispute over the duty to defend centers around interpretation of a different insurance contract and its comparison with the allegations in the *Muniz* complaint to see if there is *any possibility* that the policy could cover the claim. *See General Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005) (to determine if duty to defend exists, court compares the underlying complaint to the insurance policy). These two discrete insurance policy disputes are better addressed in different lawsuits.

For these reasons, the Court would have exercised its discretion to deny joinder of IML as a defendant in this lawsuit had Beil asked for leave. To cure Beil's unauthorized joinder of IML, the Court will dismiss IML from this case without prejudice and will retain jurisdiction over Count

1 against AMCO. The Court now turns to the question of abstention.

    B.    <u>Brillhart Abstention</u>

Beil also asks the Court to exercise its discretion to abstain from hearing this case – now reduced to her claim against AMCO – pursuant to *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942), in light of the *Muniz* lawsuit.

In *Wilton v. Seven Falls Company*, 515 U.S. 277, 289 (1995), the Supreme Court confirmed that abstention decisions in declaratory judgment actions are governed by *Brillhart*. *Brillhart* held that a federal court may decline to exercise jurisdiction over a declaratory judgment claim when another proceeding in state court would fully adjudicate all the matters in controversy in that claim. *Brillhart*, 316 U.S. at 494-95. *Brillhart* stated:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart*, 316 U.S. at 495. When deciding whether to exercise jurisdiction over a declaratory judgment claim, a federal court should consider a variety of factors, including but not limited to:

> whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995).

Considering the factors enumerated in *Zavalis*, the Court concludes abstention is not appropriate in this case. First, this declaratory judgment suit presents a contract interpretation question: whether the insurance policy written by AMCO obligates it to defend and indemnify

Beil in connection with the *Muniz* lawsuit. As noted above, this will involve only examination of the *Muniz* complaint and the AMCO insurance policy, not factual disputes about the underlying tort claim. On the other hand, the *Muniz* lawsuit involves the question of whether Beil committed torts that injured Muniz, not whether she has insurance coverage for such claims. These are distinct questions.

Additionally, the parties in the two lawsuits are not identical; AMCO is not a party to the *Muniz* lawsuit. Thus, it would not be able to obtain any relief in that lawsuit.

Finally, the Court further believes going forward with this lawsuit will serve a useful purpose in clarifying relationships and obligations related to, but not addressed in, the underlying suit. It would be helpful to resolution of the underlying suit to know whether the costs of litigation, including defense, settlement or judgment, will be borne by Beil herself or an insurer. Clarifying who will bear those burdens will allow the right entities to engage in settlement negotiations and to strategize for trial.

Beil has not offered any other reasons the Court should abstain from hearing this lawsuit against AMCO at this time.

Because the relevant factors all weigh in favor of continuing to hear this case against AMCO in this forum, the Court will decline to abstain from hearing this case under *Brillhart*.[1]

C. Muniz's Role in the Lawsuit

One final housekeeping matter remains. Beil did not name Muniz as a defendant in her original lawsuit. She probably should have done so because, as a plaintiff in the underlying action for which she seeks insurance coverage, he appears to be a necessary or indispensable party required to be joined in a declaratory judgment action seeking insurance coverage. *See* Fed. R.

---

[1] While the Court shares AMCO's confusion about *Brillhart*'s application to a request for remand, it need not address this question in light of the fact that *Brillhart* abstention does not apply.

Civ. P. 19(a)(1)(B); *M.F.A. Mut. Ins. Co. v. Cheek*, 340 N.E.2d 331, 334 (Ill. App. Ct. 1975) ("An accident victim must be given a chance to litigate the question of the validity of a liability insurance policy before his interest in the insurance can be terminated."), *aff'd*, 363 N.E.2d 809 (Ill. 1977). This would not have destroyed diversity jurisdiction because Beil's and Muniz's interests are the same – they both want AMCO to be able to pay for Muniz's injuries – so they are realigned on the same side for diversity jurisdiction purposes. *See Home Ins. Co. of Ill. v. Adco Oil Co.,* 154 F.3d 739, 741 (7th Cir. 1998); *Truck Ins. Exchange v. Ashland Oil Co.*, 951 F.2d 787, 788 (7th Cir. 1992).

Then, in its counterclaim, AMCO named Muniz as a "counter-defendant," which is not technically correct since he has no original claim for a counterclaim to be counter to. Had Beil properly named Muniz as a defendant, AMCO's claim against him would technically have been a crossclaim; as it is, AMCO's claim against him would technically be a third-party claim.

The Court proposes to remedy this confusion by removing Muniz as a counter-defendant in AMCO's counterclaim, and then adding him as a defendant in Beil's claim and as a crossclaim defendant in AMCO's counterclaim/crossclaim, all pursuant to Federal Rule of Civil Procedure 21 and without requiring any additional amended pleadings. The Court will give the remaining parties an opportunity to show cause why the Court should not proceed in this manner to clarify the relationships between the parties.

### III. Conclusion

For the foregoing reasons, the Court:

- **DISMISSES** IML from this case **without prejudice**;
- **DENIES** Beil's motion to remand (Doc. 18); and
- **ORDERS** the parties to **SHOW CAUSE** on or before August 12, 2016, why the Court

9

should not redesignate Muniz's role in this case as a defendant and a crossclaim defendant, as described above.   Any party may reply to another party's response on or before August 19, 2016.

**IT IS SO ORDERED.**
**DATED:   July 26, 2016**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**